IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:16-CR-96-H

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| JEREMY DONTIEZ MELVIN, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of a detective with the Wilson County Sheriff's Department. Defendant presented the testimony of the proposed third-party custodian, his aunt. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

## Background

Defendant was charged in a three-count indictment returned on 20 April 2016 with: possession with the intent to distribute a quantity of cocaine in violation of 21 U.S.C. § 841(a)(1) (ct. 1); possession of a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (ct. 2); and possession of a firearm by a convicted felon in violation of 18

U.S.C. §§ 922(g)(1) and 924(a)(2) (ct. 3). The alleged offense date in each count is 28 December 2015.

The evidence presented at the hearing showed that the charges arise from the stop of a car defendant was driving on the alleged offense date. Although he was stopped for lack of a registration plate, he was suspected in the firing of a firearm a short time before. An investigating officer detected the smell of marijuana in the car. After a canine alerted to the presence of drugs in the car, a search located a pistol under the driver's seat. The pistol had travelled in interstate commerce, and defendant had previously been convicted of one or more crimes punishable by a term of imprisonment exceeding 12 months. Police subsequently located a packet of cocaine in the crack between the seats of a police car in which defendant had been placed during the search of the car he had been driving. In a statement to police after his arrest, defendant admitted to ownership of the pistol, stating that he bought it for protection while engaging in drug trafficking. He also admitted to having fired six shots with the pistol earlier that evening.

## Discussion

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies, and the court has considered it, although defendant proffered sufficient evidence to shift the burden of production to the government. In addition to the presumption, the principal findings and reasons underlying the court's determination that detention is required include the following: evidence showing that the government has a strong case, including the evidence reviewed above; the drug- and gun-nature of the offenses charged; the circumstances of the offenses charged, including their relative recency, the potential term of imprisonment defendant faces if convicted, defendant's having fired the pistol, and his stated purpose of using

the pistol to facilitate drug trafficking; defendant's record of criminal activity from age 16 to his current age of 29, including 5 felony convictions, 14 misdemeanor convictions, 3 probation revocations, commission of multiple offenses while on probation, and continuation of criminal activity despite repeated incarcerations; the danger of continued gun-related offense conduct by defendant if released; defendant's substance abuse history; the unsuitability of the proposed third-party custodial arrangement due to the extent of the risk of flight and danger presented by defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, such as the absence of reported violations of the state release he has been on since his arrest on 28 December 2015 on state charges arising from the alleged offense conduct. It finds, however, that the factors favoring detention outweigh such evidence. With respect to his release on the state charges, the relatively brief period of such release is dwarfed by defendant's extended history of criminal conduct, and predates his federal indictment and the severe penalties he faces if convicted.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This 28th day of April 2016.

_____
James E. Gates
United States Magistrate Judge